**FEDERAL BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

**IN RE:**

      **MICHAEL FROST/CARS & SUV OUTLET, 2 LLC**

      **DEBTOR**

| | | |
|---|---|---|
| **GARY KIMMELMAN** | : | **CHAPTER 11 CONVERSION** |
| | : | |
|     **Plaintiff/Creditor** | : | **ADVERSARY PROCEEDING** #10–214 |
| | : | **NON DISCHARGE OF DEBT** |
|   **vs.** | : | |
| | : | **TERM 2010** |
| **MICHAEL FROST** | : | |
| **and** | : | **CORE PROCEEDING** |
| **CARS & SUV'S OUTLET 2, LLC** | : | |
| **CARS AND SUV'S OUTLET 2, INC.** | : | **NO.: 10-10480 bif** |
| **CARS AND SUV OUTLET d/b/a** | : | |
| **AUTO CREDIT MENDERS &** | : | **JUDGE FOX** |
| **MANAGEMENT, LLC** | : | |
| | : | |
|    **Defendants/Debtors** : | | |

      Defendants/Debtors Michael Frost and Cars & SUV'S Outlet 2, LLC by and through

their undersigned counsel hereby file this Answer to Plaintiff's Complaint and aver as follows:

**JURISDICITON**

      Unnumbered Paragraphs 1-2. Admitted.

**RELEVANT FACTS**

      Unnumbered Paragraph 1.    Admitted.

      Unnumbered Paragraph 2.    Denied.

      Unnumbered Paragraph 3.    Denied.

      1.    Admitted.

2.      Admitted.

3.      Admitted. By way of further Answer the address was 7104-7110 Frankford Avenue, Philadelphia, PA.

4.      Denied. By way of further Answer the Company is an active Limited Liability Corporation, not a Corporation with an address of 7104 Frankford Avenue, Philadelphia, PA.

5.      Denied.

6.      Denied.

7.      Admitted.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Admitted, however Cars & SUV Outlet, 2 is not a corporation but rater a limited liability corporation.

13.     Denied.

14.     Denied. After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

15.     Admitted.

16.     No response is required as the document speaks for itself.

17.     Denied. After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

18.     Denied. After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

19.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

20.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

21.    Admitted.

22.    Admitted.

23.    Denied.  At all time relevant hereto, this agreement was an Investment/Employment Agreement, and was never intended to be nor is it a partnership agreement.  Strict proof is demanded at trial.

24.    No response is required as the document speaks for itself.

25.    No response is required as the document speaks for itself.

26.    Denied.  The January 2008 Agreement was secured with a Promissory Note, referenced by Plaintiff's Exhibit "C."

27.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

28.    Denied.  There was no Judgment Note.  However, Frost's Attorney, Gary Schafkopf, did draft the Promissory Note attached to Plaintiff's Complaint as Exhibit "C."

29.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

30.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

31.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

32.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

33.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

34.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

35.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

36.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

37.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

38.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

39.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

40.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

41.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

42.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

43.     Denied.  After reasonable investigation Defendant lacks knowledge and
information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

44.     Denied.  After reasonable investigation Defendant lacks knowledge and
information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

45.     Denied.  After reasonable investigation Defendant lacks knowledge and
information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

46.     Denied.  After reasonable investigation Defendant lacks knowledge and
information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

47.     Denied.  After reasonable investigation Defendant lacks knowledge and
information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

48.     Denied.  After reasonable investigation Defendant lacks knowledge and
information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

49.     Admitted.  Furthermore, Michael Frost, the sole member and manager of Cars &
SUV 2, was under no requirement to inform Plaintiff as to the opening of this account as, Frost
was acting in the best interest of Cars & SUV when he opened the Commerce Bank Account
after he noticed funds under Plaintiff's control appeared to be missing.

50.     Denied.  The funds placed in the Commerce Bank Account were done by Frost,
the sole member and manager of Cars & SUV, and was done because Frost had noticed funds
under Plaintiff's control appeared to be missing and other funds were being diverted or used
inappropriately.

51.     Denied.  After reasonable investigation Defendant lacks knowledge and
information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

52.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

53.    Admitted.

54.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

55.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

56.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

57.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

58.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

59.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

60.    Denied.  Plaintiff while in charge of accounting for Cars & SUV 2, LLC and was not the Financial Officer of the corporation.  At all time relevant to this litigation, Frost was the sole owner and operator of Cars & SUV 2, LLC.

61.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

62.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

63.      Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

64.      Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

65.      Denied.  Schafkopf drafted the Addendum after the parties had negotiated the Addendum's terms.

66.      Admitted.

67.      Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

68.      Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

69.      Admitted.

70.      No response is required as the document speaks for itself.

71.      Admitted.

72.      Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

73.      Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

74.      Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

75.      Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

76.     Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

77.     Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

78.     Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

79.     Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

80.     Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

81.     Admitted.  By way of further answer Kimmelman would not give the titles, so Cars & SUV Outlet 2, LLC had to get duplicate titles at additional costs and expense.

82.     Denied.  Frost never initiated a physical confrontation with Kimmelman.

83.     Admitted.

84.     Admitted.

85.     Admitted.

86.     Admitted.

87.     Admitted.

88.     Admitted.

89.     Admitted.

90.     Admitted.

91.     Admitted.

92.    Denied. After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

93.    Admitted.

94.    Denied. After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

## DECLARATION OF PARTNERSHIP

95.    Paragraphs 1 through 94 are hereby incorporated as if fully set forth below.

96.    Admitted.

97.    Denied. The January 2008 Agreement was an investment and employment agreement and nothing more. At all time relevant to this matter Frost was the sole member and manager of Cars & SUV Outlet 2, LLC.

98.    No response is required as the document speaks for itself.

99.    No response is required as the document speaks for itself.

100.    No response is required as the document speaks for itself.

WHEREFORE, Defendants, Michael Frost and Cars & SUV's Outlet 2, LLC, respectfully request judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice and any other such relief as the Court deems just and proper.

## BREACH OF CONTRACT

101.    Paragraphs 1 through 100 are hereby incorporated as if fully set forth below.

102.    Denied. After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

103.    Denied. After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

104.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

105.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

106.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

107.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

108.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

109.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

110.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

111.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

112.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

113.    Denied.  After reasonable investigation Defendant lacks knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

114.    Denied.  This is a conclusion of law to which no response is required.

115.    Denied.  This is a conclusion of law to which no response is required.

116.    Denied.  This is a conclusion of law to which no response is required.

WHEREFORE, Defendants, Michael Frost and Cars & SUV's Outlet 2, LLC,

respectfully request judgment in their favor and against Plaintiff, dismissing Plaintiff's

Complaint with prejudice and any other such relief as the Court deems just and proper.

## BREACH OF CONTACT/REPUDIATION

117.    Paragraphs 1 through 116 are hereby incorporated as if fully set forth below.

118.    No response is required as the document speaks for itself.

119.    Denied. After reasonable investigation Defendants lack knowledge and
information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

120.    Denied. After reasonable investigation Defendants lack knowledge and
information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

121.    Denied. After reasonable investigation Defendants lack knowledge and
information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

122.    Denied. This is a conclusion of law to which no response is required.

123.    Denied. After reasonable investigation Defendants lack knowledge and
information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

124.    Denied. This is a conclusion of law to which no response is required.

125.    Denied. This is a conclusion of law to which no response is required.

126.    No response is required as the document speaks for itself.

127.    Denied. After reasonable investigation Defendants lack knowledge and
information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

WHEREFORE, Defendants, Michael Frost and Cars & SUV's Outlet 2, LLC,

respectfully request judgment in their favor and against Plaintiff, dismissing Plaintiff's

Complaint with prejudice and any other such relief as the Court deems just and proper.

## RESCISSION/BREACH OF CONTRACT

128.    Paragraphs 1 through 127 are hereby incorporated as if fully set forth below.

129.    Denied.  After reasonable investigation Defendants lack knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

130.    Denied.  After reasonable investigation Defendants lack knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

131.    Denied.  After reasonable investigation Defendants lack knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

132.    Denied.  After the Addendum was drafted by Frost's Attorney, Frost's Attorney directed Kimmelman to seek his own counsel prior to execution, which Kimmelman opted not to due as evidenced by the Addendum.

133.    Denied.  The Addendum gave consideration by increasing the various aspects of Kimmelman's compensation.

134.    Denied.  After reasonable investigation Defendants lack knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

135.    Denied.  After reasonable investigation Defendants lack knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

136.    Admitted.

137.    Admitted.

138.    Admitted.

139.    Denied.  After reasonable investigation Defendants lack knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

140.    Denied. After reasonable investigation Defendants lack knowledge and information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

141.    Denied. After reasonable investigation Defendants lack knowledge and information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

142.    Admitted.

143.    Denied. After reasonable investigation Defendants lack knowledge and information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

144.    Denied. After reasonable investigation Defendants lack knowledge and information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

145.    Denied. This is a conclusion of law to which no response is required.

146.    Denied. This is a conclusion of law to which no response is required.

147.    Denied. This is a conclusion of law to which no response is required.

148.    Denied. This is a conclusion of law to which no response is required.

WHEREFORE, Defendants, Michael Frost and Cars & SUV's Outlet 2, LLC, respectfully request judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice and any other such relief as the Court deems just and proper.

## BREACH OF FIDUCIARY DUTY

149.    Paragraphs 1 through 148 are hereby incorporated as if fully set forth below.

150.    No response is required as the document speaks for itself.

151.    Denied. Frost had no fiduciary duty to Kimmelman.

152.    Denied. It is denied that Kimmelman was an officer of Cars & SUV and therefore there was no fiduciary duly to Kimmelman.

153.    Denied. Frost owed no such fiduciary duty to Kimmelman.  Furthermore, Frost

acted in the best interest of the LLC when he opened the additional account because Frost

believes that Kimmelman diverted funds from Cars & SUV into his own personal accounts.

154.    Denied. After reasonable investigation Defendants lack knowledge and

information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

155.    Denied. Frost owed no such fiduciary duty to Kimmelman.

156.    Denied. This is a legal conclusion to which no answer is required.

157.    Denied. This is a legal conclusion to which no answer is required.

WHEREFORE, Defendants, Michael Frost and Cars & SUV's Outlet 2, LLC,

respectfully request judgment in their favor and against Plaintiff, dismissing Plaintiff's

Complaint with prejudice and any other such relief as the Court deems just and proper.

## ALTER EGO

158.    Paragraphs 1 through 157 are hereby incorporated as if fully set forth below.

159.    Denied. After reasonable investigation Defendants lack knowledge and

information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

160.    Denied. After reasonable investigation Defendants lack knowledge and

information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

161.    Denied. After reasonable investigation Defendants lack knowledge and

information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

162.    Denied. After reasonable investigation Defendants lack knowledge and

information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

163.    Denied. This is a legal conclusion to which no answer is required.

WHEREFORE, Defendants, Michael Frost and Cars & SUV's Outlet 2, LLC,

respectfully request judgment in their favor and against Plaintiff, dismissing Plaintiff's

Complaint with prejudice and any other such relief as the Court deems just and proper.

## MISREPRESENTATION

164.    Paragraphs 1 through 163 are hereby incorporated as if fully set forth below.

165.    Denied. After reasonable investigation Defendants lack knowledge and
information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

166.    Denied. This is a legal conclusion to which no answer is required.

167.    Denied. This is a legal conclusion to which no answer is required.

168.    Denied. This is a legal conclusion to which no answer is required.

169.    Denied. This is a legal conclusion to which no answer is required.

170.    Denied. This is a legal conclusion to which no answer is required.

171.    Denied. After reasonable investigation Defendants lack knowledge and
information sufficient to determine the truth of this allegation. Furthermore, none of the
agreements which were executed by both Frost and Kimmelman state that Kimmelman was to
become a member of the LLC. Strict proof is demanded at trial.

172.    Denied. After reasonable investigation Defendants lack knowledge and
information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

173.    Denied. After reasonable investigation Defendants lack knowledge and
information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

174.    Denied. This is a legal conclusion to which no answer is required.

175.    Denied. This is a legal conclusion to which no answer is required.

176.    Denied. This is a legal conclusion to which no answer is required.

177.   Denied.  This is a legal conclusion to which no answer is required.

WHEREFORE, Defendants, Michael Frost and Cars & SUV's Outlet 2, LLC,

respectfully request judgment in their favor and against Plaintiff, dismissing Plaintiff's

Complaint with prejudice and any other such relief as the Court deems just and proper.

## CONVERSION

178.   Paragraphs 1 through 177 are hereby incorporated as if fully set forth below.

179.   Denied.  Frost is the sole member and manager of Cars & SUV and all of his

actions were done in the best interest of Cars & SUV.

180.   Denied.  Frost is the sole member and manager of Cars & SUV and all of his

actions were done in the best interest of Cars & SUV.

181.   Denied.  After reasonable investigation Defendants lack knowledge and

information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

182.   Denied.  After reasonable investigation Defendants lack knowledge and

information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

183.   Denied.  After reasonable investigation Defendants lack knowledge and

information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

184.   Denied.  After reasonable investigation Defendants lack knowledge and

information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

185.   Denied.  This is a legal conclusion to which no answer is required.

186.   Denied.  This is a legal conclusion to which no answer is required.

187.   Denied.  This is a legal conclusion to which no answer is required.

188.   Denied.  This is a legal conclusion to which no answer is required.

WHEREFORE, Defendants, Michael Frost and Cars & SUV's Outlet 2, LLC, respectfully request judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice and any other such relief as the Court deems just and proper.

## CONSPIRACY TO CONVERT PARTNERSHIP ASSETS

189.    Paragraphs 1 through 188 are hereby incorporated as if fully set forth below.

190.    Denied. After reasonable investigation Defendants lack knowledge and information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

191.    Denied. After reasonable investigation Defendants lack knowledge and information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

192.    Denied. After reasonable investigation Defendants lack knowledge and information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

193.    Denied. After reasonable investigation Defendants lack knowledge and information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

194.    Denied. After reasonable investigation Defendants lack knowledge and information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

195.    Denied. After reasonable investigation Defendants lack knowledge and information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

196.    Denied. This is a legal conclusion to which no response is required.

197.    Denied. This is a legal conclusion to which no response is required.

198.    Denied. This is a legal conclusion to which no response is required.

WHEREFORE, Defendants, Michael Frost and Cars & SUV's Outlet 2, LLC, respectfully request judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice and any other such relief as the Court deems just and proper.

## APPOINTMENT OF RECEIVER

199.    Paragraphs 1 through 198 are hereby incorporated as if fully set forth below.

200.    Denied.  After reasonable investigation Defendants lack knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

201.    Admitted in part.  Denied in part.  It is denied that a partnership existed between Frost and Kimmelman as to Cars & SUV.  It is Admitted that an accounting has been agreed to as Ordered by Judge Bernstein which will reveal all details of the business.

202.    Denied.

203.    Admitted in part.  Denied in part.  It is denied that a partnership existed between Frost and Kimmelman as to Cars & SUV.  It is Admitted that an accounting has been agreed to as Ordered by Judge Bernstein which will reveal all details of the business.

204.    Admitted.

205.    Denied.  No partnership exists between Frost and Kimmelman.

206.    Denied.  After reasonable investigation Defendants lack knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

207.    No response is required as the document speaks for itself.

208.    Denied.  After reasonable investigation Defendants lack knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

209.    Denied.  After reasonable investigation Defendants lack knowledge and information sufficient to determine the truth of this allegation.  Strict proof is demanded at trial.

210.    Denied.  This is a legal conclusion to which no answer is required.

211.    Denied.  This is a legal conclusion to which no answer is required.

WHEREFORE, Defendants, Michael Frost and Cars & SUV's Outlet 2, LLC, respectfully request judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice and any other such relief as the Court deems just and proper.

## ACCOUNTING

212.    Paragraphs 1 through 211 are hereby incorporated as if fully set forth below.

213.    Denied. A no time relevant to this matter did a partnership exist between Frost and Kimmelman. Kimmelman at one point was an investor and then his investment became that of a loan, however, neither of these actions creates a fiduciary duty on Frost for Kimmelman.

214.    No response is required as the document speaks for itself. Furthermore that agreement was modified by the January 10, 2008 agreement.

215.    No response is required as the document speaks for itself. Furthermore that Agreement was modified by the February 29, 2008 Agreement.

216.    Denied. After reasonable investigation Defendants lack knowledge and information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

217.    Denied. This is a legal conclusion to which no answer is required.

218.    Denied. This is a legal conclusion to which no answer is required.

219.    Denied. This is a legal conclusion to which no answer is required.

220.    Denied. This is a legal conclusion to which no answer is required.

221.    Denied. After reasonable investigation Defendants lack knowledge and information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

222.    Denied. After reasonable investigation Defendants lack knowledge and information sufficient to determine the truth of this allegation. Strict proof is demanded at trial.

223.    Denied. This is a legal conclusion to which no answer is required.

WHEREFORE, Defendants, Michael Frost and Cars & SUV's Outlet 2, LLC,

respectfully request judgment in their favor and against Plaintiff, dismissing Plaintiff's

Complaint with prejudice and any other such relief as the Court deems just and proper.

### DEFAMATION

224.    Paragraphs 1 through 223 are hereby incorporated as if fully set forth below.

225.    Denied.  The actions claimed in the criminal complaint were and are valid.

226.    Denied.  This is a legal conclusion to which no answer is required.

227.    Denied.  This is a legal conclusion to which no answer is required.

228.    Denied.  This is a legal conclusion to which no answer is required.

229.    Denied.  This is a legal conclusion to which no answer is required.

230.    Denied.  This is a legal conclusion to which no answer is required.

231.    Denied.  This is a legal conclusion to which no answer is required.

232.    Denied.  This is a legal conclusion to which no answer is required.

222.    Denied.  This is a legal conclusion to which no answer is required.

234.    Denied.  This is a legal conclusion to which no answer is required.

WHEREFORE, Defendants, Michael Frost and Cars & SUV's Outlet 2, LLC,

respectfully request judgment in their favor and against Plaintiff, dismissing Plaintiff's

Complaint with prejudice and any other such relief as the Court deems just and proper.

### DECLARATION OF MORTGAGE AGREEMENT

235.    Paragraphs 1 through 234 are hereby incorporated as if fully set forth below.

236.    Admitted in part.  Denied in part.  It is admitted that Exhibit H is a mortgage

proposal drafted by Frost's Attorney after negotiations with Kimmelman that was never executed

by Frost.  It is denied that Frost agreed to this form of the mortgage agreement before or after

Kimmelman made changes to Section D.  Furthermore, the Addendum of February 28, 2008

modified the previous Agreement and therefore there was no further need of the mortgage

proposal.

237.    No response is required as the document speaks for itself.

238.    Denied.  Frost never fully agreed to the terms of the Mortgage Proposal as

evidenced by him not signing it.

239.    Denied.  This is a legal conclusion to which no answer is required.

WHEREFORE, Defendants, Michael Frost and Cars & SUV's Outlet 2, LLC,

respectfully request judgment in their favor and against Plaintiff, dismissing Plaintiff's

Complaint with prejudice and any other such relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
The Complaint fails to state a claim upon which relief may be granted as to Defendant

Michael Frost.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his claim of damages.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by the statute of frauds.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants Michael Frost and Cars & SUV's Outlet 2, LLC at all times acted in a commercially reasonable manner.

### EIGHTH AFFIRMATIVE DEFENSE

Any alleged breach or fraud was due to actions of the Plaintiff, and not by Defendant Michael Frost or Cars & SUV's Outlet 2, LLC.

### NINTH AFFIRMATIVE DEFENSE

Defendant Cars & SUV's Outlet 2, LLC is a Pennsylvania Limited Liability Corporation, therefore its members cannot be held individually liable.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has violated state usury laws.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants are entitled to a set-off or credit due for monies or benefits taken or diverted for personal use when Plaintiff was in control of Cars & SUV Outlet 2, LLC's finances.

### TWELTH AFFIRMATIVE DEFENSE

Defendant is entitled to a credit of set-off for the mental, physical and emotional harassment inflicted by the Plaintiff Gary Kimmelman.

### THIRTEENTH AFFIRMATIVE DEFNES

The Compliant is barred in whole or in party by the Plaintiff's unclean hands.

BY:  Michael Kaliner, Esq.


/s/    Michael Kaliner, Esq.

CERTIFICATE OF SERVICE

Michael H. Kaliner, Esquire hereby certifies that he did serve a copy of the fore-going Answer upon the Plaintiff on July 13, 2010 by first class mail, postage pre-paid.

/s/Michael H. Kaliner
Michael H. Kaliner, Esquire