UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| CARS & SUV OUTLET 2, LLC | : | |
| Debtor | : | Bankruptcy No. 10-10480bf |
| _____ | | |
| GARY KIMMELMAN | : | |
| Plaintiff | : | |
| v. | : | |
| MICHAEL FROST, CARS & SUV OUTLET 2, LLC, CARS AND SUV'S OUTLET #2, INC., CARS AND SUV OUTLET d/b/a AUTO CREDIT MENDERS & MANAGEMENT, LLC | : | |
| Defendants | : | Adversary No. 10-0214 |
| _____ | | |

................................................

INITIAL PRETRIAL ORDER

................................................

AND NOW, this 20th day of July 2010, the plaintiff having filed an adversary proceeding and the defendants having filed a responsive pleading, it is hereby ORDERED that:

1. On or before **August 9, 2010**, the parties shall submit a <u>joint</u> statement to chambers[1] whether they would consent to participate in the court-annexed mediation program. If a party declines to so participate, he or she shall state a reason for such declination.

---

[1]This may be done by letter sent by regular mail.

2. On or before **August 9, 2010**, counsel shall have held and concluded the mandatory discovery conference pursuant to Fed. R. Civ. P. 26(f), incorporated into these proceedings by Fed. R. Bankr. P. 7026. The parties shall consider, as part of their deliberations on how to proceed with discovery, *including discovery of electronically-stored information,*[2] and the discovery and pretrial schedule detailed below in this order.

3. On or before **August 23, 2010**, after the conclusion of the parties' discovery conference, <u>should the parties propose a discovery or pretrial schedule that differs from the one below</u>, they shall file with the bankruptcy court and provide a copy to chambers a report on discovery, as mandated by Fed. R. Civ. P. 26(f). The parties shall detail those differences in their Rule 26(f) report, along with the reasons therefore. The court may, when appropriate, order a hearing based upon the information found in the Rule 26(f) report. <u>If the parties are in agreement with the discovery schedule outlined herein, no report need be filed unless there are objections to the initial discovery disclosures.</u>

4. On or before **August 23, 2010**, after the conclusion of the Rule 26(f) conference, the parties shall provide the initial disclosures detailed in Fed. R. Civ. P. 26(a)(1). Any objections to the initial discovery disclosures required by Fed. R. Civ. P. 26(a)(1) shall be clearly raised in a Rule 26(f) report.

---

[2] To this end, counsel are advised to review, prior to the discovery conference, their client's electronic storage system, including the sources of information available, the type of information available, person(s) with knowledge about the system, the burden and cost of retrieval including archival retrieval, and the preservation of discoverable information.

In their discovery conference, counsel should address what form of production of electronically-stored information they favor.

5. The following discovery and trial schedule shall be considered by the parties in their deliberations at their discovery conference:

>a. All motions to amend the pleadings, or for summary judgment, shall be filed on or before **November 16, 2010**.
>
>b. All motions in limine (other than motions objecting to initial disclosures) shall be filed on or before **November 16, 2010**.
>
>c. All discovery shall be completed on or before **October 18, 2010**.
>
>d. All expert witnesses shall be identified and a copy of each expert's report shall be provided to every other party, in accordance with Fed. R. Civ. P. 26(a)(2) on or before **October 8, 2010**.
>
>e. All discovery disclosures pursuant to Fed. R. Civ. P. 26(a)(3) shall be served on opposing parties and filed with the bankruptcy court on or before **December 8, 2010**.
>
>f. Any objections to Rule 26(a)(3) disclosures shall be served on opposing counsel and filed with the bankruptcy court on or before **December 8, 2010**.
>
>g. On or before **December 30, 2010**, the parties shall file a joint pretrial statement and file a copy with chambers. The joint pretrial statement shall be signed by all counsel. It is the obligation of the plaintiff's counsel to initiate the procedures for its preparation and to assemble and submit the proposed pretrial statement to the court. Plaintiff's counsel shall submit a proposed joint pretrial statement to defendant's counsel not less that 7 days prior to the deadline for its submission.
>
>Counsel are expected to make a diligent effort to prepare a proposed pretrial statement in which will be noted all of the issues on which the parties are in agreement and all of those issues on which they disagree. The proposed joint pretrial statement shall govern the conduct of the trial and shall supersede all prior pleadings in the case. Amendments will be allowed only in exceptional circumstances and to prevent manifest injustice.
>
>The joint pretrial statement shall be in the following form:

(1) <u>Basis of jurisdiction</u>. (including a statement whether this matter is core or noncore).  If the matter is noncore, the parties shall state whether they consent to the court's entry of a final order pursuant to 28 U.S.C. § 157(c)(2).  If the parties disagree, they shall each cite to relevant authority to support their positions.

(2) <u>Statement of uncontested facts</u>.

(3) <u>Statement of facts which are in dispute</u>. [No facts should be disputed unless opposing counsel expects to present contrary evidence on the point of trial, or genuinely challenges the fact on credibility grounds.]

(4) <u>Damages or other relief</u>. A statement of damages claimed or relief sought.  A party seeking damages shall list each item claimed under a separate descriptive heading, shall provide a detailed description of each item and state the amount of damages claimed.  A party seeking relief other than damages shall list the exact form of relief sought with precise designations of persons, parties, places and things expected to be included in any order providing relief.

(5) <u>Legal issues presented</u> and the constitutional, statutory, regulatory and decisional authorities relied upon.  (Counsel should include a brief statement regarding which party has the burden of proof on each legal issue.)

(6) <u>Witnesses</u> listed in the order they will be called along with a brief statement of the evidence the witness will give.  Witnesses shall be classified between those who any party expects to present and those whom any party may call if the need arises.  If not already provided to all parties, the address and telephone number of each witness shall be disclosed.

(7) <u>A list of all exhibits</u> to be offered into evidence which shall be serially numbered and physically marked before trial in accordance with the schedule.  Documents which a party may offer if the need arises shall be separately identified.

Case 10-00214-bif    Doc 6    Filed 07/20/10    Entered 07/20/10 13:53:17    Desc Main
Document    Page 5 of 6

(8) <u>A list of each discovery item</u> and trial deposition to be offered into evidence. (Counsel shall designate by page portion of deposition testimony and by number the interrogatories which shall be offered in evidence at trial.)

(9) <u>Estimated trial time</u>

(10) <u>A certification</u> that the parties have attempted good faith settlement discussions without success.

h. A mandatory final pretrial/settlement conference shall be held on **January 7, 2011 at 9:45 a.m.** in Bankruptcy Courtroom No. 2, Robert N.C. Nix Federal Building & Courthouse, 900 Market Street, 2nd Floor, Philadelphia, Pennsylvania.

i. If the adversary proceeding is not resolved prior to the conclusion of the conference or if a trial date is not set at the conference, the adversary proceeding may then be placed in a trial pool beginning on a date set at the conference. Once the proceeding is placed in the trial pool, the case may be called on not less than twenty-four (24) hours' notice to counsel. Notice may be provided in writing or telephonically. Counsel may learn of the proceeding's status in the pool from the courtroom deputy. Proceedings shall be called to trial in the approximate order in which they enter the trial pool.

_____
BRUCE FOX
United States Bankruptcy Judge

Copies to:

Mr. Gary Kimmelman
9331 (A) Neil Road
Philadelphia, PA 19115

Mr. Michael Frost
8807 Ashton Road
Philadelphia, PA 19136

Cars & SUV's Outlet
7104 Frankford Avenue
Philadelphia, PA 19135

5

Michael H. Kaliner, Esq.
Jackson Cook Caracappa & Bloom
312 Oxford Valley Road
Fairless Hills, PA 19030

courtroom deputy